# R.P. PORTER INTERNATIONAL, Inc., Plaintiff

## v.

# PACIFIC INTERNATIONAL ENGINEERING, Ltd., Defendant

High Court of American Samoa
Trial Division

CA No. 117-88

August 24, 1989

Before REES, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima
For Defendant, Steven H. Watson

On Motion for Reconsideration:

This case arose from plaintiff's claim that defendant owed $5602 as the unpaid balance on a contract for the sale of crushed rock aggregate. Defendant counterclaimed, alleging damages in the amount

48

of about $40,000 from plaintiff's failure to perform in accordance with the contract. We held that the only elements of either party's claim that had been proved at trial were: (1) an unpaid balance of $2590 on the purchase price owed to plaintiff and (2) damages suffered by defendant in the amount of $1155 on account of plaintiff's failure to load the crushed rock onto defendant's trucks in accordance with a term of the contract. The net amount owing plaintiff was $1435, and judgment was rendered in this amount.

Defendant moves for reconsideration on two grounds. The first ground has to do with our observation that defendant's total payments of $7225 on its account with plaintiff applied not only to the $9240 that had been billed for crushed rock aggregate, but also to $575 for other items supplied to defendant by plaintiff. This finding was in accordance with evidence that was admitted without objection at trial; it also accords with the parties' stipulation with regard to the unpaid balance on the invoices that had been submitted for crushed rock. There was no dispute between the parties about the other items: $575 was billed for them and $575 was paid. The Court's opinion mentioned these other items only because the invoices submitted as evidence included them --- and payments for them --- along with the crushed rock. The reference to them did not result in an unwarranted $575 charge against defendant; on the contrary, it was necessary to avoid giving defendant an unearned $575 credit on the crushed rock bill for payments already credited against other invoices. (At the hearing on this motion the Court explained this to defendant's counsel, who then waived this ground for the motion.)

Defendant's second contention is that the Court should have awarded damages for "standby time" for defendant's dump trucks and loader, said to have resulted from the need to wait at plaintiff's yard for plaintiff to produce aggregate that should have been produced earlier. All the facts necessary to support this contention --- that plaintiff did not produce the crushed rock when it should have been produced in accordance with the parties' understanding, that it was therefore necessary for defendant's trucks and loader to wait at plaintiff's yard, that they were thereby diverted from other profitable work, and the amount by which defendant was damaged by such diversion --- are said to have been proved by the uncontroverted testimony of defendant's owner/operator.

Plaintiff did, however, present testimony to the effect that defendant's loader had been left at plaintiff's yard, for the convenience of defendant, for some weeks or months prior to its use in loading the

49

crushed rock. Plaintiff also presented evidence that its delivery of the crushed rock was in accordance with the schedule contemplated by the parties. Plaintiff's evidence on these points was no better than defendant's, but neither was it any worse: each party relied almost exclusively on the testimony of its owner/operator. As detailed in our original opinion, each of these witnesses made so many extravagant and misleading claims that his unsupported testimony must be regarded as insufficient to meet even the slightest burden of proof. On at least two points necessary to sustain this ground for reconsideration --- that plaintiff kept defendant waiting in violation of the terms of the contract,[1] and that defendant's loader was diverted on account of this breach rather than having been stored there all along --- the defendant had the burden of proof and the evidence was an exact tie. We therefore declined to award any "standby" damages.

Even if defendant had proved that it was necessary to leave the loader and dump trucks at plaintiff's yard for long periods of time on account of plaintiff's failure to have crushed rock ready as promised, we would not have exceeded our discretion in insisting that defendant's principal tell us the exact details of the profitable uses from which the equipment was allegedly diverted --- or in inferring from his failure to supply such details that there was no such profitable use and therefore no monetary loss from the diversion. Defendant cites a case in which an appellate court upheld the trial court's assessment of damages on the basis of testimony by a single interested witness as "the best [evidence] available." *Allen v. Gardner*, 272 P.2d 99, 104 (1954). The trial court in *Allen* evidently thought more of the witness in question than we do of this one. The case does not support the proposition that a trial court is *bound* to believe the "best available evidence" when this consists solely of the testimony of a witness whom the court has reason to believe is not telling the truth.

The motion is therefore denied.

---

[1] This alleged breach is distinct from the one we did find, viz., plaintiff's failure to supply the crushed rock "free on board" by using its own loading equipment. On account of this breach we awarded defendant its principal's own estimate of what it cost him to load the rock using his own loader. For "standby time" he would have to prove not only that it was necessary to use his own loader, but that plaintiff somehow made it necessary for the loader to wait at plaintiff's yard while it was not actually being used. This was alleged but not proved.